Sherpa v. Lynch

BIA
Segal, IJ
A200 748 026

# UNITED STATES COURT OF APPEALS
## FOR THE SECOND CIRCUIT

## <u>SUMMARY ORDER</u>

RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 27th day of July, two thousand sixteen.

PRESENT: REENA RAGGI,
DEBRA ANN LIVINGSTON,
RAYMOND J. LOHIER, JR.,
*Circuit Judges.*

_____

SAMDEN SHERPA,
*Petitioner,*

v.                                      15-61
                                        NAC

LORETTA E. LYNCH, UNITED STATES
ATTORNEY GENERAL,
*Respondent.*

_____

FOR PETITIONER:        Stuart Altman, Esq., New York, New York.

FOR RESPONDENT:        Benjamin C. Mizer, Principal Deputy Assistant Attorney General; Jennifer P. Williams, Senior Litigation Counsel; Neelam

Ihsanullah, Trial Attorney, Office of Immigration Litigation, United States Department of Justice, Washington, D.C.

UPON DUE CONSIDERATION of this petition for review of a Board of Immigration Appeals ("BIA") decision, it is hereby ORDERED, ADJUDGED, and DECREED that the petition for review is DENIED.

Petitioner Samden Sherpa, a native and citizen of Nepal, seeks review of a December 17, 2014 decision of the BIA affirming a July 25, 2013 decision of an Immigration Judge ("IJ") denying Sherpa's application for asylum, withholding of removal, and relief under the Convention Against Torture ("CAT"). *See In re Samden Sherpa*, No. A200 748 026 (B.I.A. Dec. 17, 2014), *aff'g* No. A200 748 026 (Immig. Ct. N.Y.C. July 25, 2013). We assume the parties' familiarity with the underlying facts and procedural history in this case, which we reference only as necessary to explain our decision to deny the petition for review.

Under the circumstances of this case, where the BIA has affirmed the decision of the IJ on grounds that closely track her reasoning, we review both the BIA's decision and the IJ's decision "for the sake of completeness." *Wangchuck v. U.S. Dep't of Homeland Sec.*, 448 F.3d 524, 528 (2d Cir. 2006). The

applicable standards of review are well established.  *See* 8 U.S.C. § 1252(b)(4)(B); *Xiu Xia Lin v. Mukasey*, 534 F.3d 162, 165-66 (2d Cir. 2008).  For asylum applications like Sherpa's, governed by the REAL ID Act, the agency may, "[c]onsidering the totality of the circumstances, . . . base a credibility determination on the demeanor, candor, or responsiveness of the applicant or witness, the inherent plausibility of the applicant's or witness's account," and inconsistencies in an applicant's statements and other record evidence "without regard to whether" they go "to the heart of the applicant's claim."  8 U.S.C. § 1158(b)(1)(B)(iii); *see Xiu Xia Lin v. Mukasey*, 534 F.3d at 163-64.  Here, the IJ's adverse credibility determination is supported by substantial evidence.

The IJ reasonably relied on inconsistencies between Sherpa's testimony and the documentary evidence.  Sherpa testified that Maoists targeted his family in Nepal; specifically, that in June 2010 four Maoists beat his wife. When questioned about his wife's injuries, Sherpa testified that his wife did not seek medical treatment because the Maoists "only slapped her two, four times and gave her life threat and then left."  A.R. 196.

3

As the IJ found, Sherpa's documentary evidence contradicted his testimony. The hospital report he submitted showed that his wife was admitted to the hospital in June 2010, "in the state of unconscious due to [injuries] from the physical assault" and with extensive bruising and a broken nose, and was treated "for 15 days and discharged while she was able to walk." *Id.* at 325. When asked to explain the discrepancy, Sherpa admitted that his wife sent him the report and that he had seen it, but "forgot." *Id.* at 84. After additional questioning, Sherpa testified he did not remember the report because he "had a lot of tensions about [his] family all the time." *Id.* at 93.

The IJ was not required to credit Sherpa's explanation for the omission given the seriousness of his wife's injuries and his testimony that he asked his wife to obtain and send him the report. *See Majidi v. Gonzales*, 430 F.3d 77, 80-81 (2d Cir. 2005).

The adverse credibility determination is further supported by Sherpa's inconsistent testimony regarding his questioning by Maoists. An IJ may rely on testimony that is internally inconsistent or an applicant's lack of responsiveness to questioning. *See* 8 U.S.C. § 1158(b)(1)(B)(iii). Moreover, this court pays "particular deference" to findings based on the

4

adjudicator's observation of the applicant's demeanor, "in recognition of the fact that the IJ's ability to observe the witness's demeanor places [her] in the best position to evaluate whether apparent problems in the witness's testimony suggest a lack of credibility or, rather, can be attributed to an innocent cause such as difficulty understanding the question." *Jin Chen v. U.S. Dep't of Justice*, 426 F.3d 104, 113 (2d Cir. 2005) (internal quotation marks omitted).

When testifying about Maoists coming to his home in 2009, Sherpa testified that they asked him about living in the United States and, after that questioning, told him they hated the United States. When asked by his own attorney to specify what questions the Maoists asked, he reiterated that they accused him of bringing western culture to Nepal. When asked to clarify, he again stated that the Maoists hated Americans. At that point, the IJ interjected, noted the lack of responsiveness, and asked the question again. Sherpa ultimately said that the Maoists did not ask questions, but demanded money. The IJ reasonably relied on the unresponsiveness and internal inconsistency of this testimony. *See* 8 U.S.C. § 1158(b)(1)(B)(iii).

These inconsistencies suffice to support an adverse

credibility determination. In a post-REAL ID Act case, "an IJ may rely on any inconsistency or omission in making an adverse credibility determination as long as the 'totality of the circumstances' establishes that an asylum applicant is not credible." *Xiu Xia Lin v. Mukasey*, 534 F.3d at 167 (quoting 8 U.S.C. § 1158(b)(1)(B)(iii)). The inconsistencies here easily satisfy that standard as they relate to the basis of Sherpa's claim—his own interaction with the Maoists and the Maoists' attack on his wife. *See Xian Tuan Ye v. Dep't of Homeland Sec.*, 446 F.3d 289, 295 (2d Cir. 2006).

In addition, the lack of reliable corroborating evidence further supports the IJ's adverse credibility determination. *See Biao Yang v. Gonzales*, 496 F.3d 268, 273 (2d Cir. 2007). The IJ reasonably afforded little weight to the police and hospital reports of the attack on Sherpa's wife because Sherpa provided inconsistent testimony about the attack and resulting medical care. Similarly, the IJ acted within her discretion in giving diminished weight to an unauthenticated medical certificate and to Sherpa's father's affidavit. *See id.*

Nor did the IJ fail to give proper weight to the testimony of Sherpa's brother, who had been awarded asylum, or to consider country reports. Although the IJ did find Sherpa's brother

credible, his testimony was limited to his own political activities in Nepal and what Sherpa had told him with respect to his own experiences. Accordingly, this testimony could not rehabilitate Sherpa's testimony, as Sherpa's brother had no independent knowledge of Sherpa's experiences. And, contrary to Sherpa's contention, the IJ did consider the proffered country reports, which also do not cure the inconsistencies in Sherpa's testimony.

Given the inconsistencies, omissions, unresponsive testimony, and lack of reliable corroborating evidence, the totality of the circumstances supports the adverse credibility determination. *See* 8 U.S.C. § 1252(b)(4)(B); *Xiu Xia Lin v. Mukasey*, 534 F.3d at 165-66. This finding is dispositive of asylum, withholding of removal, and CAT relief, as all three claims were based on the same factual predicate. *See Paul v. Gonzales*, 444 F.3d 148, 156-57 (2d Cir. 2006) (withholding); *Xue Hong Yang v. U.S. Dep't of Justice*, 426 F.3d 520, 523 (2d Cir. 2005) (CAT).

For the foregoing reasons, the petition for review is DENIED. As we have completed our review, any stay of removal that the Court previously granted in this petition is VACATED, and any pending motion for a stay of removal in this petition

7

is DISMISSED as moot.  Any pending request for oral argument in this petition is DENIED in accordance with Federal Rule of Appellate Procedure 34(a)(2) and Second Circuit Local Rule 34.1(b).

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk of Court

8